**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5299-16T3

U.S. BANK NATIONAL
ASSOCIATION, AS TRUSTEE
FOR STRUCTURED ASSET
INVESTMENT II INC., PRIME
MORTGAGE TRUST,
CERTIFICATES SERIES 2005-4,

     Plaintiff-Respondent,

v.

RYUNG HEE CHO,

     Defendant-Appellant,

and

MR. CHO, Husband of Ryung Hee Cho;
GREAT LOCATION NEW YORK
INC., NEWBANK,

     Defendants.

_____

Submitted October 2, 2018 – Decided  October 16, 2018

Before Judges Fisher and Suter.

On appeal from Superior Court of New Jersey, Chancery Division, Sussex County, Docket No. F-019621-16.

Sukjin Henry Cho, attorney for appellant.

Reed Smith LLP, attorneys for respondent (Henry F. Reichner, of counsel; Laura K. Conroy, on the brief).

PER CURIAM

Defendant Ryung Hee Cho appeals a final judgment of foreclosure as well as earlier interlocutory orders. One of the earlier orders deemed defendant's answer and counterclaim noncontesting, and the other dismissed defendant's objections to the application for final judgment.

There is no dispute that defendant took out a loan to purchase the property in question in 2005; the loan was secured by defendant's execution of a mortgage, which was duly recorded. Defendant defaulted in 2016.

Plaintiff, as the assignee of the note and mortgage, served a notice of intention to foreclose and later, in July 2016, a foreclosure complaint. Defendant filed a timely answer with numerous affirmative defenses and a counterclaim. Plaintiff moved to strike defendant's responsive pleading, providing, among other things, clear evidence of the legitimacy and propriety of the assignment. Defendant filed no opposition. The judge granted plaintiff's motion for the reasons expressed in an order and written opinion of November 4, 2016.

In January 2017, plaintiff applied for entry of final judgment. Defendant opposed the application, claiming "no recollection of receipt of any Notice of Intention to Foreclose in this matter." As memorialized in his July 25, 2017 order, the judge found this objection meritless and irrelevant because it did not rebut plaintiff's assertions about the amount due. Final judgment was entered two days later.

Defendant appeals the final judgment, as well as the earlier interlocutory orders, arguing:

> I. PLAINTIFF HAS NO STANDING: SUBJECT NOTE IS NOT ENFORCEABLE BECAUSE NOTE AND MORTGAGE WERE SPLIT AND THE ASSIGNMENT OF MORTGAGE ALONE IS A NULLITY.
>
> II. DEFECTIVE NOTICES OF INTENTION TO FORECLOSE AND PLAINTIFF'S FAILURE TO SERVE THE NOTICES OF INTENTION TO FORECLOSE.
>
> III. HOMEOWNER[]S [WERE GIVEN] NO OPPORTUNITY FOR LOAN MODIFICATION UNDER THE FEDERAL GOVERNMENT'S MAKE HOME AFFORDABLE PROGRAM BEFORE FINAL JUDGMENT (Not Raised Below).
>
> IV. AMOUNT DUE SCHEDULE FOR FINAL JUDGMENT IS ERRONEOUS AND UNSUPPOR-TIVE ENOUGH TO VACATE THE JUDGMENT.

A-5299-16T3

V.     DEFENDANTS IN FORECLOSURE ACTION HAVE A RIGHT TO CHALLENGE MORTGAGE ASSIGNMENTS (Not Raised Below).

VI.     TRIAL COURT CLEARLY ABUSED ITS DISCRETION BY DISREGARDING MERITORIOUS DEFENSES; THEREBY UNJUST, OPPRESSIVE OR INEQUITABLE RESULTS WERE SUBSTAN-TIATED.

We find insufficient merit in these arguments to warrant further discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4                                                          A-5299-16T3